UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against -<br><br>HARALD JOACHIM VAN DER GOLTZ,<br><br>Defendant | Case No. S6 18 Cr. 693 (RMB)<br><br>**PETITION AND REQUEST FOR ANCILLARY HEARING PURSUANT TO 21 U.S.C. § 853(n)** |
| FONDATION EROL,<br><br>Claimant-Third-Party Petitioner. | |

Petitioner Fondation Erol ("Petitioner"), by and through its undersigned counsel, alleges as follows:

1. Petitioner is a charitable foundation organized under the laws of Switzerland, with its principal place of business at 10 Rue d'Italie, 1204, Geneva, Switzerland. Petitioner provides financial support to programs fighting hunger and poverty, and promoting human rights, education and environmental protection, principally in the United States, Latin America, and Africa. As more fully set forth below, Petitioner is assignee of, and successor to, the interests of its wholly-owned investment entity, PRIM Investment 2 SARL, as a Limited Partner in Boston Capital Ventures IV, LP ("Ventures IV").

2. On April 30, 2021, Petitioner received a letter from the United States Attorney's Office for the Southern District of New York advising that a Preliminary Order of Forfeiture as to Substitute Assets (the "Notice") had been filed in this proceeding with respect to funds seized from Ventures IV and Boston Capital Ventures V LP. The Notice advised Petitioner that it "may have a legal interest in assets seized in connection with" the Preliminary Order. A true and

accurate copy of the Notice is attached hereto as Exhibit A. The Preliminary Order was entered in connection with the prosecution of Harald Joachim von der Goltz ("Defendant").

3. On or about December 5, 2019, the Defendant was charged in nine counts of a Superseding Indictment (the "Indictment"), which included a forfeiture allegation seeking forfeiture of all property constituting, or derived from, proceeds traceable to the offenses charged in Counts Two and Three of the Indictment.

4. The Indictment also contained a substitute asset provision pursuant to which, if, as a result of Defendant's actions or omissions forfeitable property cannot be located or obtained, the United States may seek the forfeiture of any other property of Defendant.

5. On or about February 18, 2020, Defendant pleaded guilty to Counts One through Nine of the Indictment.

6. On or about May 27, 2020, Defendant entered into a sentencing agreement with the United States in which he admitted the forfeiture allegation and agreed to forfeit, among otherproperty, "any and all interest held by Revack Holdings Foundation and any entity in which Revack Holdings Foundation has an ownership interest in including ... Boston Capital Ventures IV LP…"

5. Upon information and belief, the United States seized funds held by Boston Capital Ventures IV, LP, *i.e.,* Ventures IV, as substitute assets.

6. On or about December 7, 2020, PRIM Investment 2 SARL ("PRIM") and its sole shareholder, Petitioner, entered into an Assignment and Assumption Agreement, pursuant to which PRIM, asAssignor, assigned to its sole shareholder, Petitioner, as Assignee, all of PRIM's limited partnership interest in Ventures IV (the "Transferred Interest"), representing a total capital commitment of $706,200, all of which had been contributed to Ventures IV as of the date of the assignment. A true and accurate copy of the Assignment and Assumption is attached hereto as ExhibitB.

7. On or about December 12, 2020, Boston Capital Partners LLC, as the General Partner of Ventures IV, consented to the assignment and transfer of the Transferred Interest and

among other things confirmed that the full capital commitment had been contributed and that "all distributions, capital account credits and other payments made in connection with ownership of the Transferred Interest from the date hereof shall be payable and paid to or for the benefit of the Assignee," *i.e.,* Petitioner. *See* Exhibit B.  Upon information and belief, the managing member of Boston Capital Partners LLC was Johan von der Goltz, an alias for Defendant.

8. At all times since in or about September 1, 2000, the Transferred Interest which Petitioner now holds has constituted a 1.7156800% share of Ventures IV. This partnership share is reflected in the most recent Schedule K-1 provided to Petitioner's Assignor, PRIM, on or about June 24, 2020.   A true and accurate copy of the K-1 is attached hereto as Exhibit C. As a result of its partnership share, Petitioner is entitled to fully participate in all outstanding and future distributions by, or of the assets of, Ventures IV on a pro rata basis.

9. Upon information and belief, Venture IV's 2020 K-1 has not been prepared as of the filing of this Petition.

10. Pursuant to 21 U.S.C § 853(n)(2), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days…petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  Petitioner is the valid holder of such interest and timely files this Petition.

11. Pursuant to 21 U.S.C. § 853(n)(6), if after holding such a hearing:

> [T]he court determines that the petitioner has established by a preponderance of the evidence that:
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which give rise to the forfeiture of the property under this section;
>
> The court shall amend the order of forfeiture in accordance with its determination.

3

12. The Petitioner holds such an interest and is entitled to the relief provided by 21 U.S.C. § 853.

WHEREFORE, Petitioner, Fondation Erol, by this Petition, respectfully requests the entry of an Order, pursuant to 21 U.S.C. § 853:

(i) setting a hearing to adjudicate the validity of the Petitioner's interests in the assets of Ventures IV;

(ii) determining that the Petitioner has a legal right, title and interest in the assets of Ventures IV and such right, title and interest renders the order of forfeiture invalid in whole or in part because the right, title and interest was vested in the Petitioner rather than the Defendant or was superior to any right, title or interest of the Defendant at the time of the commission of the acts which gave rise to the forfeiture of the property, and/or is a bona fide purchaser of the right, title or interests in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture;

(iii) amending the order of forfeiture in this action to exclude Petitioner's property from forfeiture to the United Stated and returning to Petitioner its pro rata share of Venture IV funds seized by the government; and

(iv) granting such other and further relief as this Court deems appropriate under the circumstances.

Dated:  New York, NY
        May 26, 2021

Respectfully submitted,
WITHERS BERGMAN LLP

By:   /s/ Martin J. Auerbach
      Martin J. Auerbach
      Of Counsel
      430 Park Avenue
      New York, NY 10022
      Tel: (212) 848-9811
      Fax: (212) 824-4201
      martin.auerbach@withersworldwide.com

      *Attorneys for Fondation Erol*

4

## VERIFICATION

Fondation EROL declares under penalty of perjury under the laws of the United States of America that the foregoing Petition is true and correct.

Dated:   26 May, 2021

                                                    Fondation Erol

                                                    By: Nathalie Rehm
                                                    Member of the Board